**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

SARAH DOSCH                                                                              PLAINTIFF

v.                                                   4:22-cv-00375-KGB-JJV

KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,                                                          DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Kristine

G. Baker.  The parties may file specific objections to these findings and recommendations and

must provide the factual or legal basis for each objection.  The objections must be filed with the

Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy

must be served on the opposing party.  The district judge, even in the absence of objections, may

reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Sarah Dosch, Plaintiff, has appealed the final decision of the Commissioner of the Social

Security Administration to deny her claim for disability insurance benefits.  The Administrative

Law Judge (ALJ) concluded she had not been under a disability within the meaning of the Social

Security Act, because jobs existed in significant numbers she could perform despite her

impairments.  (Tr. 10-23.)

This review function is extremely limited.  A court's function on review is to determine

whether the Commissioner's decision is supported by substantial evidence on the record as a whole

and to analyze whether Plaintiff was denied benefits due to legal error.  *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  Substantial evidence is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts

from the Commissioner's decision as well as evidence that supports it; a court may not, however,

reverse the Commissioner's decision merely because substantial evidence would have supported

an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this

decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will

not be repeated in this opinion except as necessary.  After careful review of the pleadings and

evidence in this case, I find the Commissioner's decision is supported by substantial evidence and

Plaintiff's Complaint should be DISMISSED.

Plaintiff is young – only twenty-six years old at the time of the administrative hearing. (Tr.

38.)  She is a high school graduate, attended some college, (Tr. 39), and has past work as a nurse

assistant.  (Tr. 21.)

The ALJ[1] found Ms. Dosch has not engaged in substantial gainful activity since April 5,

2016 – the alleged onset date.  (Tr. 12.)  She has "severe" impairments in the form of "migraine

headaches, occipital neuralgia, SI joint dysfunction, lumbago with sciatica, depressive disorder,

---

[1]  The ALJ followed the required sequential analysis to determine: (1) whether the claimant was
engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment;
(3) if so, whether the impairment (or combination of impairments) met or equaled a listed
impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the
claimant from performing past relevant work; and (5) if so, whether the impairment (or
combination of impairments) prevented the claimant from performing any other jobs available in
significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

bipolar disorder, attention deficit disorder/attention deficit hyperactivity disorder (ADD/ADHD), and post-traumatic stress disorder (PTSD)." (Tr. 12.)  The ALJ further found Ms. Dosch did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 13-15.)

The ALJ determined Ms. Dosch had the residual functional capacity to perform a reduced range of light work given her physical and mental impairments.  (Tr. 15.)  The ALJ determined Ms. Dosch could no longer perform her past work, so he utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments.  (Tr. 58-62.) Based in part on the testimony of the vocational expert, the ALJ determined she could perform the jobs of merchandise marker and cleaner/housekeeper - despite her limitations.   (Tr. 22.) Accordingly, the ALJ determined Ms. Dosch was not disabled.  (Tr. 23.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-5.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

In support of her Complaint, Ms. Dosch argues that the ALJ failed to adequately consider the full impact of her migraine headaches.  (Doc. No. 17 at 6-10.)  She says, *inter alia*, "While [Plaintiff] suffers from multiple conditions, her migraines are particularly problematic in that they occur frequently and can last up to 8 hours." (*Id.* at 6.)

Ms. Dosch clearly suffers from some degree of pain and limitation from the combination of her impairments.  But given my limited review under the law, my careful review of the ALJ's opinion, the extensive medical record, and the briefs from the respective parties, I find that the ALJ's opinion is supported by substantial evidence.

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

Plaintiff takes issue with certain words the ALJ used in his opinion. She argues, "The ALJ's analysis of the impact of [Plaintiff's] migraines is based on speculation, myth, and erroneous interpretation of medical evidence. The decision states that 'the claimant has not generally received the type of medical treatment one would expect for an individual disabled due to headaches' and then comments about 'aggressive medical treatment' and emergency treatment." (*Id.* at 7.)

In considering Plaintiff's migraine headaches, the ALJ concluded:

> In terms of the claimant's alleged disabling migraine headaches/occipital neuralgia, the claimant has not generally received the type of medical treatment one would expect for an individual disabled due to headaches. The claimant has not sought out or had aggressive medical treatment for headaches; nor has she sought out emergency (or other) treatment at a frequency commensurate with the amount of impairment alleged. The objective medical evidence as a whole shows only intermittent exacerbation of symptoms. In September 2018, cervical xray was normal. In August 2018, CTA of the head was normal. Follow up MRI of the brain in March 2019 was negative for acute intracranial abnormality but showed severe sphenoid sinus disease. On June 20, 2019, the claimant was seen at Legacy Spine and Neurology for migraine headaches. Dr. Rebecca Jones diagnosed chronic tension headaches and occipital neuralgia and referred her to physical therapy for neck tension. However, the following week, the claimant reported she had stopped taking Topamax and Imitrex because they was ineffective. Her physical exam was normal and Dr. Lai referred her to ENT, believing her headaches were sinus related. The claimant's use of medications does not suggest the presence of an impairment which is more limiting than found in this decision and the symptoms appear amendable to control with medication. The medical evidence does not document nor suggest serious functional limitations stemming from the claimant's headaches.

(Tr. 18.)

Plaintiff questions what aggressive treatment one might seek for migraines. (*Id.*) While Plaintiff raises a fair question, I am persuaded by the Commissioner's point that Ms. Dosch only sporadically sought treatment for an allegedly disabling impairment. (Doc. 20 at 8.) The Commissioner recites that Plaintiff sought *treatment* for her headaches only four times, but I have also considered those times Ms. Dosch complained of headaches to her doctors. (Tr. 325, 331, 387, 397, 413, 414, 484.) Nevertheless, I agree that it is not reasonable to think Ms. Dosch would

4

only minimally seek treatment for an impairment that "occur frequently and can last up to 8 hours." (Doc. No. 17 at 6.)  I also note that treatment notes often reported Plaintiff was "negative for headaches".  (Tr. 527, 539, 542, 546, 550, 553.)

Even Plaintiff's testimony fails to show her headaches are the source of her alleged disability.  When asked why she had filed for disability, Ms. Dosch testified, "For the side effects or symptoms of my PTSD, bipolar and my mood fluctuations.  It makes it very hard to keep a job and my anxiety/panic disorder, I guess."  (Tr. 43.)

The objective medical findings and treatment notes, Plaintiff's testimony, her activities of daily living, and non-examining state agency medical consultants' assessments all support the ALJ's conclusion that Ms. Dosch is not disabled.  "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A) (emphasis added).  A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).  The ALJ carefully considered the record and made a supported determination that Plaintiff was capable of performing a limited range of light work.  In coming to this conclusion, the ALJ fairly considered the extensive medical records.  And in his opinion, the ALJ fairly set out the rationale for his conclusions.

There is ample evidence to support the Commissioner's decision.  I recognize there is evidence to support Plaintiff's claims.  But the overall evidence supports the ALJ's conclusion that she was not completely disabled.  Plaintiff had the burden of proving her disability.  *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988).  Thus, she bore the responsibility of presenting the

strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).  Plaintiff has simply not met that burden.  The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Plaintiff has advanced other arguments – including her constitutional claims, claims regarding qualifications of the state agency doctors, and her request for declaratory judgment - that I find are without merit.  Ms. Dosch's counsel has vigorously advocated for her.  But it is not the task of a court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 24th day of January 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE